**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RODOLFO HERNANDEZ,<br><br>                    Plaintiff(s),<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION,<br><br>                    Defendant(s). | 2:13-CV-575 JCM (GWF) |

**ORDER**

Presently before the court is defendant Federal National Mortgage Association's ("Fannie Mae") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 5). *Pro se* plaintiff Rodolfo Hernandez ("Hernandez") filed a response (doc. #7), and defendant filed a reply. (Doc. #9).

**I.    Background**

On March 30, 2007, Hernandez entered a mortgage agreement with lender Countrywide Home Loans ("Countrywide"). (*See* doc. #1, Ex. 1, 3). Countrywide secured the $176,000 loan with a deed of trust, recorded on April 4, 2007, for the real property that Hernandez purchased at 4020 Pistachio Nut in Las Vegas, NV.[1] (*See* doc. #1, Ex. 1, 3; doc. #5, 2). The deed of trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and ReconTrust

---

[1] The court judicially recognizes the deed of trust and the assignment of the deed of trust. *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

James C. Mahan
U.S. District Judge

1   Company, N.A. ("Recon") as the trustee. (*See* doc. #5, ex. A).

2       On September 23, 2011, MERS recorded an assignment of its interest to Bank of America,

3   N.A. ("BOFA"), as successor to BAC Home Loans Servicing, LP and Countrywide Home Loans

4   Servicing. (*See* doc. #5, ex. B, 2). Plaintiff alleges that, at some point in time, the deed of trust was

5   pooled with other mortgages into a trust, which functioned as the backbone of a mortgage-backed

6   security. (*See* doc. #1, ex. A, 3). He alleges that Fannie Mae is or was the trustee for the trust. (*See*

7   doc. #1, ex. A, 3).

8       Based on the foregoing transactions, plaintiff filed the instant complaint. (*See* doc. #1, ex.

9   A, 2). The complaint states causes of action for negligent and intentional misrepresentation. (*See* doc.

10  #1, ex. A, 2).  Plaintiff further claims that the assignment and securitization of Countrywide's

11  interest in his property either satisfied or voided his obligation to pay. (*See* doc. #1, ex. A, 3). Based

12  on these claims, plaintiff seeks to quiet title for the real property located at 4030 Pistachio Nut. (*See*

13  doc. #1, ex. A, 3).

14  **II.     Legal Standard**

15      *A.      Rule 8*

16      A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

17  be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

18  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*

19  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual

20  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

21  of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).  "Factual

22  allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus,

23  to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim

24  to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

25      In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

26  considering motions to dismiss. *See id.* First, the court must accept as true all well-pled factual

27  allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

28

James C. Mahan
U.S. District Judge                                              - 2 -

*Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that form the basis of a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

### B.    Rule 9

Rule 9 provides that for a party to allege fraud, he "must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Assertions of fraud must include "the who, what, when, where, and how" of the misconduct alleged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Rule 9 serves several purposes, including: (1) providing defendants with adequate notice so they are able to defend the charge and deter plaintiffs from filing complaints "'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (citation omitted)).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**III.    Discussion**

As an initial matter, the court acknowledges that the complaint was filed *pro se*. (*See* doc. #1, ex. A, 2). Documents filed pro se are held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

The court has construed plaintiffs' claims as follows and will address them in the same order: (a) negligent or intentional misrepresentation, (b) satisfaction of debt obligation due to securitization, and © quiet title. (*See* doc. #1, ex. 1).

A.    *Negligent or Intentional Misrepresentation*

To state a claim for fraudulent misrepresentation, a plaintiff must allege: (1) that defendant made a false representation; (2) with knowledge of its falsity; and, (3) with the intent to induce reliance on the misrepresentation. *Nau v. Sellman*, 757 P.2d 358, 360 (Nev. 1988).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[A] plaintiff asserting fraud against a corporate [entity] must state the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Roberts v. McCarthy*, no. 2:11-cv-00080, 2010 WL 1363811, at *3 (D. Nev. April 11, 2011) (quoting *Spencer v. DHI Mortg., Inc.*, 642 F.Supp.2d 1153, 1164 (E.D. Cal. 2009).

Plaintiff's complaint fails to plead facts supporting a claim for misrepresentation.[2] In fact, the complaint itself simply says, "[j]urisdiction arises under Nevada and Federal statutes for intentional representation and negligent representation." (Doc. #1, ex. A, 2). Because plaintiff filed his complaint *pro se* though, the court considered allegations made in the affidavit as well. (*See* doc.

---

[2] The complaint does not seem to allege anything about defendant's state of mind. Therefore, the court will not differentiate between plaintiff's claims for negligent and intentional misrepresentation.

James C. Mahan
U.S. District Judge

1  #1, ex. A, 3).

2  Reviewing both the complaint and affidavit, plaintiff has failed to state a claim that

3  establishes that he is entitled to relief for fraud pursuant to the requirements of Fed. R. Civ. P.

4  8(a)(2); 12(b)(6); and 9(b). *See Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555. Under *Iqbal*,

5  a claim for relief must include "more than labels and conclusions" or a "formulaic recitation of the

6  elements of a cause of action." 129 S.Ct. at 1949. Plaintiff's documents contain exclusively "labels

7  and conclusions." *Id.*; (*see* doc. #1, ex. A, 2-3).

8  Both the complaint and the affidavit fail to allege that Fannie Mae represented anything at

9  all to plaintiff, truthful or fraudulent. (*See* doc. #1, ex. A, 2-3).  Plaintiff simply alleges a series of

10  transactions: some that involved neither him nor Fannie Mae; some that involved plaintiff, but not

11  Fannie Mae; and some that involved Fannie Mae, but not the plaintiff. (*See* doc. #1, ex. A, 3). None

12  of these alleged transactions involve both plaintiff and Fannie Mae. None of them constitute a

13  representation by Fannie Mae to plaintiff.

14  Furthermore, plaintiff has failed to meet the heightened pleading standard of Fed. R. Civ. P.

15  9(b). *See Ciba-Geigy*, 317 F.3d at 1106. Under rule 9(b), plaintiff is required to state the elements

16  constituting fraud with particularity. *See id.* A plaintiff bringing a fraud claim against a corporation

17  must state the name of the person who made the statement, as well as when and how that person

18  made the statement. *See Roberts*, 2010 WL 1363811 at *3. Plaintiff does not identify a single,

19  particular instance of misrepresentation, let alone do so with the particularity required by rule 9(b).

20  *See* Fed. R. Civ. P. 9(b); *id.*; (doc. #1, ex. A, 2-3).

21  B.  *Satisfaction of debt obligation due to securitization by assignee*

22  The court has construed plaintiff's argument liberally. Plaintiff appears to argue that because

23  of the assignment of the security interest to BOFA and its subsequent pooling and securitization into

24  a Fannie Mae trust, he was misled about the true ownership of the security interest. (*See* doc. #1, ex.

25  A, 2-3).

26  . . .

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

As defendant's motion points out, this court has recently rejected a flood of securitization arguments like plaintiff's.[3] As the court stated in one such case, "[s]ince the securitization 'merely creates a 'separate contract, distinct from [p]laintiffs['] debt obligations'' under the note and does not change the relationship of the parties in any way, plaintiffs' claims arising out of the securitization fail." *Reyes v. GMAC Mortg., LLC*, 2:11-cv-100-JCM-RJJ, 2011 WL 1322775, at *2 (D. Nev. Apr. 5, 2011) (quoting *Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp.*, 2:10-cv-375, 2010 WL 4788209, at *4 (D. Utah Nov. 16, 2010)). Furthermore, by signing the deed of trust, plaintiff consented to the sale of all or part of the debt, accompanied by the security interest in the real property, without notice to plaintiff. (*See doc.* #1, ex. B, ¶ 20). An assignment or transfer of the security interest does not change plaintiff's obligations under his loan agreement.

C.      Quiet Title

Plaintiff appears to assert a claim to quiet title. "A trustor cannot quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." Lopez v. Bank of America, N.A., 2:12-cv-801-JCM-CWH, 2013 WL 1501449, at *3 (D. Nev. April 10, 2013) (applying Nevada law). "The purpose of a quiet title action is to establish one's title against adverse claims to real property or any interest therein." *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1049-50 (N.D. Cal. 2009). In a quiet title action, the burden of proof rests with the plaintiff to provide good title in himself. *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).

First, plaintiff has not established that he has free and clear title to his property, for he has not discharged his debt. Secondly, he has not alleged any adverse interest he is seeking to quiet. A lien against his property, held as security by either defendant or anyone else, is not an interest adverse to his own. Both interests may exist in harmony, for one is a present interest and one is a future interest. For a plaintiff to quiet title, the plaintiff must show both that he holds good title to

---

[3] *See e.g.*, *Santivanes v. Bank of New York Mellon*, 2:13-CV-299-JCM-GWF, *doc. #1, ex. B. In fact, plaintiff's complaint is virtually identical to plaintiff Santivanes' complaint in case 2:13-CV-299-JCM-GWF, *doc. #1, Ex. B. Pleadings in the Ninth Circuit must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216.

James C. Mahan
U.S. District Judge

the property in question and that defendant is making a claim adverse to his interest. Hernandez fails to plead either; therefore, he is not entitled to such relief.

**IV.   Conclusion**

Plaintiff's complaint fails to state any plausible "claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). His securitization argument fails to state a claim at all, and neither the complaint nor the affidavit pleas the elements of a plausible action to quiet title. Furthermore, his claims for negligent and intentional misrepresentation, which consist entirely of conclusory statements, fail to meet the threshold requirement of rule 8(a)(2) and the particularity requirement of rule 9(b). *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 9(b); *Twombly*, 550 U.S. at 555; *Ciba-Geigy*, 317 F.3d at 1106. Plaintiff states no plausible claim for relief.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Federal National Mortgage Association's (Fannie Mae) motion to dismiss (doc. #5) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiffs Rodolfo Hernandez's complaint (doc. #1, ex. A) be dismissed without prejudice. The clerk of the court shall enter judgment and close the case.

DATED June 11, 2013.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 7 -