# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RODOLFO HERNANDEZ,

        Plaintiff(s),

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

        Defendant(s).

2:13-CV-575 JCM (GWF)

## ORDER

Presently before the court is *pro se* plaintiff Rodolfo Hernandez's motion for reconsideration. (Doc. # 15). Defendant Federal National Mortgage Association has filed a response. (Doc. # 18). Plaintiff seeks reconsideration of this court's June 11, 2013, order granting defendant's motion to dismiss. (Doc. # 12).

Also before the court is plaintiff's motion for an evidentiary hearing. (Doc. # 16). The defendant has filed a response. (Doc. # 17).

**I. Background**

On March 11, 2013, plaintiff filed a complaint in state court containing causes of action for negligent and intentional misrepresentation. (*See* doc. #1, Ex. 1, 3). Plaintiff further alleged that the assignment and securitization of the original lender's interest in his property either satisfied or voided his obligation to pay. *Id.* Based on these claims, plaintiff sought quiet title for the real property located at 4030 Pistachio Nut. *Id.*

**James C. Mahan**
**U.S. District Judge**

1  On April 4, 2013, the complaint was removed to federal court. (Doc. # 1). Defendant filed
2  a motion to dismiss for failure to state a claim. (Doc. # 5). Despite liberally construing plaintiff's
3  complaint, the court concluded that the complaint failed to state a claim upon which relief could be
4  granted. (Doc. # 12). Defendant's motion to dismiss was granted and judgment was entered in its
5  favor. (Docket # 13).

6  Plaintiff has filed the instant motions asking the court to reconsider its order dismissing his
7  complaint, and requesting an evidentiary hearing. Upon review, it appears that plaintiff's motion
8  for an evidentiary hearing, although filed separately, is identical to his motion for reconsideration.
9  Accordingly, the court will address both motions as if they were filed as one.

## II. Legal standard

As an initial matter, the court acknowledges that the motions for reconsideration and for an evidentiary hearing were filed *pro se*. Documents filed *pro se* are held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

It is with this relaxed standard in mind that the court evaluates plaintiff's motion for reconsideration. Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona*, 229 F.3d at 889-90 (listing same three factors).

## III. Discussion

In his motions, plaintiff states that he "believes they [sic] did not have a chance to adequately defend the claim properly," and that the claims should "be evaluated and be given a chance to be

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 heard by either hearing or trial of peers and decided on [m]erit [sic] rather than ruled on in chambers." (*See* doc. # 15). Plaintiff has not presented any newly discovered evidence, alleged that the court committed clear error, or demonstrated an intervening change in controlling law.

Despite construing plaintiff's motions with the liberal *pro se* standard in mind, the court concludes that plaintiff has not presented any valid grounds for the court to reconsider its prior order. It appears, instead, that plaintiff is hoping the court will come out a different way if it simply revisits the issue. This is not the purpose of a motion for reconsideration. *See Teller v. Dogge*, no. 2:12-cv-591-JCM-GWF, 2013 WL 508326, at *6 n. 6 (D. Nev. Feb. 8, 2013) ("Motions for reconsideration are not appropriate when a party wants the court to think about the issue again in the hope that the court will come out the other way the second time.").

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for reconsideration (doc. # 15) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for an evidentiary hearing (doc. # 16) be, and the same hereby is, DENIED.

DATED October 8, 2013.

UNITED STATES DISTRICT JUDGE